IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERIC K. SZULBORSKI, | § | |
| | § | No. 116, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 0903021499 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: August 24, 2016
Decided:   October 21, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 21st day of October 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Eric Szulborski, filed this appeal from a Superior Court order denying his third motion for modification of sentence. The State filed a motion to affirm the judgment below on the ground that it is manifest on the face of Szulborski's opening brief that his appeal is without merit. We agree and affirm.

(2) The State indicted Szulborski in August 2009 for 151 criminal offenses. In December 2009, Szulborski and the State entered into a plea

agreement. Szulborski pled guilty to three counts of Burglary in the Second Degree and one count of Conspiracy in the Second Degree. The remaining charges were dismissed. The Superior Court immediately sentenced Szulborski to a total period of sixteen years at Level V incarceration to be suspended after serving ten years in prison for decreasing levels of supervision. The first nine years of Szulborski's ten-year sentence is a minimum mandatory term of incarceration. Szulborski did not appeal. Instead, he filed a motion for modification of sentence in March 2010, which the Superior Court denied. Szulborski filed another motion for modification of sentence in April 2013, which the Superior Court again denied. Szulborski did not appeal either of those judgments.

(3) In February 2016, Szulborski filed his third for modification of his sentence. Szulborski's grounds for a sentence reduction or modification were based upon his accomplishments while in prison[1] and a detainer lodged against him by the State of Maryland, where he still has to serve a ten-year sentence. His motion asked the Superior Court to: (i) terminate or reduce the last, non-mandatory year of his ten-year prison sentence; (ii) terminate the TASC monitoring portion of his sentence; and (iv) terminate or reduce the Level IV portion of his sentence. The Superior Court denied his motion

---

[1] Specifically, Szulborski stated that he completed his GED and the Greentree Program and that has been employed throughout his incarceration.

2

under Superior Court Criminal Rule 35(b) because it was repetitive and because his sentence was appropriate and Szulborski had not provided any additional information to warrant a modification of sentence. This appeal followed.

(4) On appeal, Szulborski asserts two arguments that were not raised in the motion he filed in the Superior Court. First, he contends that the Superior Court violated the covenant of good faith and fair dealing when it denied his motion for modification of sentence because the judge told him at his sentencing in 2009 that the Superior Court would consider a sentence modification if Szulborksi completed a treatment program and got his GED while incarcerated. Second, Szulborski contends that the Superior Court violated his equal protection rights in denying his sentence modification based on his achievements while incarcerated because the Superior Court recently granted a similar motion filed by a female inmate. Finally, he contends that the Superior Court erred in denying his request for a copy of the transcripts of his guilty plea and sentencing at State expense.

(5) After careful consideration, we conclude that Szulborski's assertions provide no basis for this Court to reverse the Superior Court's denial of his motion for modification of sentence. Superior Court Criminal Rule 35(b) provides that the Superior Court will not consider repetitive

3

requests for sentence modification.[2] This was Szulborski's third motion for modification of sentence. To the extent Szulborski now asserts an equal protection claim, he did not raise that argument to the Superior Court in the first instance. This Court will not consider it for the first time on appeal.[3] Under the circumstances, we find no abuse of the Superior Court's discretion in denying Szulborski's repetitive motion for modification of sentence. Moreover, Szulborksi was not entitled to a free copy of transcripts in order to pursue his collateral motion.[4] Given the repetitive nature of the motion for modification of sentence, we find no abuse of the Superior Court's discretion in denying his motion for transcripts at State expense.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] *Id.*

[3] Del. Supr. Ct. R. 8 (2016).

[4] *Miller v. State,* 2008 WL 623236, at *2 (Del. Mar.7, 2008) (citing *United States v. MacCollom,* 426 U.S. 317, 325–26, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976)).

4